IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

2005 DEC -7  9:20

DANNY LEE STEWART,
    PETITIONER,

V.

THE STATE OF ALABAMA,
    RESPONDANTS,

CA:1:05cv1152-F

CASE#cc-90-927.61
Cr.App. No.#CR-04-0185

------------------------------------------------------------

PETITIONER'S BRIEF AND SUPPORTING AUTHORITY

------------------------------------------------------------

United states District Court
For The Middle District Of
        Alabama
P.O. Box 711
Montgomery, Ala. 36101

                    (Pro Se Appellant)
             DANNY LEE STEWART
        STATON CORRECTIONAL FACILITY
             P.O. BOX 56
             ELMORE, ALABAMA
                  36025

------------------------------------------------------------

## TABLE OF CONTENTS

| | PG.# |
|---|---|
| STATEMENT OF THE CASE ................................. | 2 |
| STATEMENT OF THE FACT ................................. | 3 |
| RECORD REFERENCES ..................................... | 4 |
| TABLE OF AUTHORITIES .................................. | 5 |
| ISSUES PRESENTED FOR REVIEW ........................... | 6-17 |

      **THE RULINGS OF THE APPELLANT COURTS DISMISSING
      STEWART'S APPEAL WITHOUT GRANTING HIM THE RELIEF
      IN WHICH STEWART IS ENTITLED BY, STATE AND
      CONSTITUTIONAL LAW, IS REVERSIBLE ERROR**

| | |
|---|---|
| CONCLUSIONS ........................................... | 18 |
| CERTIFICATE OF SERVICE ................................ | END |

## STATEMENT OF THE CASE

The petitioner files this his first Habeas corpus petition in the United States District Court For The Middle District Of Alabama. In support of said petition the petitioner would show unto this Honorable Court the following;

In the early 1990's Stewart was convicted in Houston County of murder, and sentenced to serve a term of thirty years with the Alabama Department Of Corrections. On April 16, 1993, the court of Criminal Appeals affirmed Stewart's conviction. See Stewart v. state, 623 so.2d 413 (Ala.Cr.App. 1993). (Rehearing den.) (certiorar denied Oct. 14, 2005)

The petitioner, Danny Lee Stewart now respectfully advances this , his first Habeas Corpus petition to the United States District Court For The Middle District for proper adjudication of [those] claims presented in State courts.

(2)

## STATEMENT OF THE FACTS

Stewart apparently filed Rule 32 petitions on September 8, 1993, and again on May 5, 1994. (c.43) On or about June 16, 2004, Stewart filed his third Rule 32 petition. (c.1:5-14  On January 3, 2005, Stewart refiled his third Rule 32 petition raising the following claims;

  1) THAT THE STATE WITHHELD FROM HIM CERTAIN **BRADY** MATERIAL that would have been material to his claim of self_defense:

  2) THAT HIS TRIAL COUNSEL WAS INEFFECTIVE FOR WAIVING THE OPPORTUNITY FOR A PRILIMINARY HEARING;

  3) THAT HIS TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PROPERLY CONDUCT AN ADEQUATE INVESTIGATION OF THE SELF DEFENSE ANGLES ON STEWART"S CASE.

   In addressing [those] claims, the trial court argues that_ the basis for his (Stewart) claims--i.e., that a knife recovered from the scene of the murder was withheld from him, which prejudiced his alibi of self-defense and that his (Stewart's) claim of ineffective assistance of trial counsel for waiving his prelim.-- were only discovered by him (Stewart) when a fellow "inmate" pointed them out to him in late 2004.

EXPLANATION OF
RECORD REFERENCES

### INITIAL CLERK'S RECORD
References in the brief on appeal to the clerk's records initially prepared in this case will be designated as (c.------------------)

### SUPPLEMENTAL CLERK'S RECORD
References in the brief on appeal to the clerk's supplemental record will be designated as(Scr._____)

### RULE 32 HEARING
References to the Rule 32 trial proceedings along with the single issue heard before the trial court will be designated as (cr.____)

(4)

## **TABLE OF AUTHORITIES**

STRICKLAND V. WASHINGTON, 466 u.s. 668 (1984)

WHITT V. STATE, 623 so.2d 352 (Ala.Cr.App.1992)

ALDERMAN V. STATE, 647 so.2d _____ (Ala.Cr.App.1994)

SMITH V. STATE, 581 so.2d 1283(Ala.Cr.App.1991)

EX PARTE RICE, 656 so.2d 606 (Ala.Cr.App.1990)

RICE V. STATE, 682 so.2d 484(Ala.Cr.App.1995)

MONROE V. STATE, 659 so.2d 975(Ala.Cr.App.1994)
SEE ALSO HUGHLEY, Id. at 976.

WIGGINS V. STATE, 651 so.2d 1127(Ala.Cr.App.1994)

HUNTER V. STATE, 585 so.2d 220(Ala.Cr.App.1991)

BEAREGAURD V. STATE, 372 so.2d 37 S1979); EX
PARTE O'LEARY, 438 so.2d 1372(Ala.1983)

WRIGHT V. STATE, 678 so.2d 1216(Ala.Cr.App.1996)

EX PARTE TROHA, 462 so.2d 953(Ala.1984)

ALBERCROMBIE V. STAE, 574 so.2d 879(Ala.Cr.App.1990)

### other authorities

RULE 32, ALABAMA RULES OF CRIMINAL PROCEDURE
H. MADDOX, ALABAMA RULES OF CRIMINAL PROCEDURE
TITLE 32.2, at 289(supp.1992)

FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION
SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION
FOURTEENTH AMENDMENT OF THE UNITED STAES CONSTITUTION

**RULE 2254,** inmate in state custody

(5)

### ISSUES PRESENTED FOR REVIEW

#### THE RULINGS OF THE APPELLANT COURTS DISMISSING STEWART'S APPEAL WITHOUT GRANTING HIM THE RELIEF IN WHICH STEWART IS ENTITLED, BY STATE AND / OR CONSTITUTIONAL LAW, IS REVRSIBLE ERROR

The petitioner in the instant case contends that the trial and appellant courts committed reversible error in disposing his Rule 32 petitionwherein he (Stewart) alleged claims , which, if true, would warrant a reversal of his (Stewart's) conviction and sentence.

In the presentation of this appeal, appellant Stewart adopts and incorporates herein the arguments and judicial authority set forth in his original petition for relief of his conviction and sentence , in it's entirety, as reiterated herein.

---

Rule 32.7(d) Ala.R.Cr.P., allows the trial court to dismiss the petition "if" the court determines that the petition is not (1) sufficiently pleaded, (2) precluded, (3) fails to state a claim ,(4) that no material issue of fact or law exist which would entitle the petitioner to relief under Rule 32, and (5) that no purpose would be served by any further proceedings.

The Alabama Supreme Court decided this particular issue in **Ex parteRice, 656 so.2d 606 (Ala.1090)**, where it set forth that:

> "....the burden is upon the state of Alabama to assert and show the specific grounds of preclusion..."

In the instant case the trial court never specifically addressed any of the petitioner's jurisdictional issues and further denied the petitioner (Stewart) on mutually exclusive grounds of preclusions in which has been held reversible error.

(6)

    Furthermore, as demostrated herein, a review of recent rulings of this honorable court clearly postulates this premise, particularly in such instances as here, where a post-conviction motion demostrates, on it's face, through particularized and specific averments that appellant Stewart was denied effective assistance of counsel at the original proceedings before the trial court **Moreover,** it is well settled that a claim of ineffective assistance of counsel may be properly raised in a post-conviction proceeding. <u>H. MADDOX, ALa. R.Cr.P.</u>

The petition filed with the trial court was replete with a plethora of significant and particularized instances of ineffective assistance of counsel in the original proceedings, along with other substantive violations( summarized briefly here) initially, attorney David Holmes represented the appellant as defense counsel.

The petitioner adequately expressed his concerns about the way his court appointed representation pursued his case in Stewart's Rule 32 petition, in which he (Stewart) alleges;

    (1) that his counsel (David Holmes)failed to conduct a thorough investigation after recieving credible information from the defendant Stewart.

    (2) that this attorney failed to obtain evidence(s) ..i.e. the knife.. in which was crucial to Stewart's alibi of self-defense.
    (3) that this counsel for the defendant waived his preliminary hearing ;and,
    (4) that this counsel's level of competence falls well below the level of proffessional counsels in like instances.

(7)

## RULE §2254, Habeas Relief For State Prisoners

Comes now the petitioner, Danny Stewart, and invokes the jurisdiction of the Federal District to review ]those[ claims in which the State court rules either barred by Statute of Limitations or as precluded from relief under the remedy pursuant to Rule 32.1.

The petitioner further states that he (Stewart) is contesting the legality of his detention based on the surrounding circumstances of his conviction and sentence for allegedly causing the death of another person. The petitioner would further demonstrate how such claims results in a fundamental miscarriage of justice.

The petitioner also states that the issues presented for this Honorable court to reviewhas been respectfully submitted to the inferior (state) courts for proper adjudication in which such claims were ruled barred by state's Rules of Preclusion.

The petitioner would also show unto this Honorable court that he is actually innocent of the crime for which he was convicted and sentenced..i.e. <u>unjustified homocide</u>.., in which the lower reviewing court views with much hindsight further failing to protect the rights of the defendant and uphold the Constitutional provisions of law.

## II.
### THE TRIAL COURT COMMITTED REVERSIBLE ERROR in summarily denying the petitioner's claims which, if true, would entitle the petitioner to relief,

In the instant case, appellant Stewart filed a timely post-conviction petition with the trial court attacking his conviction and sentence. Therein, Stewart set forth, with great particularity and specificity numerous meritorious issues of constitutional magnitude; including, but not limited to , ineffective assistance of counsel. )see original brief of appellant).

Additionally, Stewart moved the trial court to afford him an evidentiary hearing on all matters set forth in his original petition pursuant to Rule 32.7(d) and **Rice, 682 so.d 484 (Ala.Cr.App.1995)**(failure of the state to file a response refuting petitioner's claims require the court to accept the averments of the petitioner as true.) this motion was evidently denied. Although the record is devoid of any formal order (regarding the motion pursuant to Rule 32.7 A.R.CR.P.,) by the trial court, a copy of the court's Order is included which reflects the ruling of the trial court as follows;

> The defendant, in his Rule 32 petition, filed on January 3, 2005 is precluded pursuant to Rule 32.2(2) because it was addressed at trial; Rule 32.2(3) , because it could of been but was not raised at trial; and Rule 32.2(5), because it could have been but was not raised on appeal.

(9)

No other findings were made by the trial court in disposing appellant's Rule 32 petition concerning the undisputed claims asserted by petition Stewart. **Moreover**, in reviewing the state court's finding in disposing the appellant's Rule 32 petition, the trial court relied upon conflicting grounds of preclusion or precedural default and non-merit; a nebulous indistiction niether remedied, nor specifically addressed by the trial court ruling. **Therefore**, on appeal to this honorable court, Stewart vigorously asserts that the ruling of the trial court was sufficiently deficient as to deny him due process under the fifth , Sixth, and Fourteenth Amendment of the United States Constitutiuon.

> It is well settled that a petitioner is entitled to notice of specific grounds of preclusion upon which the circuit court relied in dismissing the petition. **Ex parte Rice, 565 so.2d 606(Ala.Cr.App. 1990) also Smith v. state, 598 so.2d 1009 (Ala.Cr.App. 1991)**

As clearly evidenced above, the trial court failed to set forth in any distinguishable manner the basis for the denial of each of the numerous claims asserted by the petitoiner in his Rule 32 petition. **Albeit**, it is recognized that where the trial court judge has personal knowledge of the facts underlying the allegat -ions in a post-conviction proceeding, he may deny the allegation without further proceedings , but , only so long as he states the specific reasons for his denial in a written Order. **Harper v. state 676 so.2d 949 (Ala.Cr.App.1995)** and preferably "using precise language". (emphasis added) **Fincher v. state,724 so.2d 87 (Ala.Cr.App. 1998)** However, it is equally well settled... "that any time a circuit court disposes of a post-conviction petition on the merits , it must provide specific finding of facts supporting it's decisions, even if there has been no evidentiary hearing".

(10)

In an analogous case, **Monroe v. state**, this courtcourt refusing to uphold the denial of a Rule 32 petiion on Constitutional grounds referenced the decision of the trial court in dismissing a Rule 32 petition, which stated...

> "this case came upon the motion for post-conviction relief from the trial court in this court. Upon due and proper consideration of all matters presented to the court, it is Ordered adjudged and decreed that the relief be and hereby is denied in that the grounds asserted were addressed or raised at trial and also that said grounds ckould have been but were not raised on apeal". (659 so.2d 975(Ala.Cr.App.1994)

The appeals court, in remanding the case back to the trial court for further proceedings, specifically found that the court's ruling, more extensive thanthe one currently under appellant review, did not satisfy the **due process** requirements of Rule 32.3,Ala.R.Cr.P., see also **Hughley**, Id. at 976. A similar ruling was made by this honorable court in **Wiggins v. state, 651 so.2d 1127(Ala.Cr.App.1994)**. It is evidence in this case that the rulings of the inferior (state) courts were clearly in derogation of significant Constitutional rights, and thus, were sufficiently egregious as to render the proceedings before the trial and appellant courts manifestly unjust and warrant reversal on appeal.

(12)

STEWART IS ACTUALLY INNOCENT OF THE CRIME
FOR WHICH HE WAS CONVICTED AND FAILURE OF
THIS COURT TO REVIEW SUCH CLAIMS WOULD
RESULT IN A MISCARRIAGE OF JUSTICE

The constitutional mandates of **due process** set forth by the fifth , sixth and fourteenth amendments clearly evince a definative and substantial right to a fair trial inherent to each defendant in a criminal case. Further, these constitutional precepts evidence an undeniable anticipation that the right to a fair trial encompasses the right to a fair and impartial triunal. Thus, it was clear by the appellant (Stewart) and understood by the trial court that specific and relevant evidence..i.e. the "knife"... was withheld by the state prior to the treat of Stewart's case. This conduct by the state and or state investigative services prejudiced Stewart' enstrinsic right to effective assistance of counsel as set forth by the sixth amendment, also, Stewart's right to a fair trial of the matter is effected and prjudicially abrogated as well.

This court may reach the merits of Stewart's defaulted claims only if he (stewart) shows either (1) cause for the precedural default and actual prejudice arising out of the violation of Federal law, **Coleman v. Thompson**, 501 u.s. 722(1991),or(2) a resulting fundamental miscarriage of justice if the federal court does not review and consider the merits of the claims. **Schlup v. Delo**, 513 u.s. 298,320(1995)

**Brady material**, in pertinent part: "The suppression by the prosecution of evidence favorable to an accused upon request violated **due process** where the evidence is material, either to the guilt or to the punishment, irrespective of the good faith of the prosecution.

(13)

In the instant case, the issue is whether petitioner was unduly prejudiced by the prosecution's failure to produce the evidence requested..i.e. the "knife".. during the discovery process undertaken in this particular case. <u>More likely than not</u>.

Prior to the petitioner's trial, Stewart informed his defense attorney (David Hood) that he (Stewart) acted in self-defense.. Stewart further alleged that the person "Daddy Fats" lunged at him with a knife during a verbal confrontation(cr. 28L.17-20) (cr.31L.12-15) (cr.33 L.1-3)

Again, although the State argues that the petitioner did not know about a knife until an "inmate pointed it out to him in late 2004",(see brief of att. Gen.), it was readily apparent that the petitioner asserted these contentions to his trial counsel David Holmes prior to trial and re-iterated the same during the evidentiary hearing on the Rule 32 <u>Feb. 16, 1994.</u>

It is evidence in this case that petitioner was denied effective assistance of counsel at the original proceedings before the trial court after this attorney (David Holmes) admitted to recieving information directly from the petitioner, about the knife used by the victim, (Daddy Fats) and in return, left this crucial exculpatory evidence within the custody and/ control of the state who allowed this same evidence which was favorable to the defendant to be returned to the state's witness Lisa Jernigan.(cr.26 1.7-12) (cr.29 1. 7-9)

Further inqiury would show that petitioner Stewart was an inforrmant for Tim Green an Officer of the law who was aware that Danny Stewart (petitioner) carried a firearm while working as an informant. (cr.40 L.1-7) also that Stewart was an convicted felon.(cr. 37 L.4-6)

However, it is equally evidence that this trial counsel for the defendant did not even attempt to advance any inquiry as to the statements made by Officer Tim Green...via.. telephone conversation... regarding the fact that he knew of Stewart to (1) carry a firearm (2) was an ex-felon; and,(3) that Stewart was working as a confidential informant for law enforements.

In the instant case, had [t]hese assertions been presented to the trial court for the consideration of the jury, the offense for which the defendant (Stewart) was convicted would be voidable and void. Considering the circumstances surounding Stewart' murder coknviction, Stewart may as well been given the "green light" to act and do as any TASK force agent in similar or like instances.

More often than not, it has been the theory of Drug Task Officials as well as other law enforcement agents that "where theres drugs theres guns" and the possibility(ies) exist that any reasonable person or persons , using every day sense or common sense, would be likely to believe that the defendant Danny Stewart had either a substantial right or a right justified under the circumstances in which Danny was placed by law enforcement officials, to protect himself at all times during [those] encounters with drug dealers.

Failure of this trial counsel (David Holmes) to presnt such crucial facts and circumstances to the jury, was prejudicial to the defense of Stewart who alleged that such actions were taken to defend himself against the person (Daddy Fats) who "lunged at him with a knife".
There were many facts along with evidence(s) and testimaonies which may have warranted the defendant's actions "justified" under the self defense law  in which the attorney David Holmes failed to point out to the jury during trial.

The petitioner Danny Stewart would further show unto this honorable court that such highly prejudicial errors of this counsel to properly pursue his (danny's) only probable defense (self defense) cast doubt directly to the guilt or innocents of the defendant. In the instant case, the jury had little or no choice but to convict the defendant of murder upon the false representation of David Holmes who appeared as defendant's trial counsel.

It is also asserted by the defendant that all evidence(s) and testimony(ies) which may have aided in his alibi of self-defense was disregarded by his trial counsel and rendered irrelevant by the trial and appellant courts.

## MISCARRIAGE OF JUSTICE

In the instant case Stewart asserted allegations that his 5th, 6th, and 14th Amendment rights had been violated at the original proceedings before the trial court. In considering Stewart's assertions, presented in his Rule 32 petition, the trial court determined that Stewart was precluded to have [those] claims adjudicated on their merits. Although the State court (trial) was opted to give Stewart an evidentiary hearing, this court failed to give any specific findings as to Stewart's asserted Constitutional claims. **However**, the State does not argue that Stewart's claims are defalted for purposes of Federal review, only that such claims are "barred" by the Statute of Limitations.

> The miscarriage of justice standard is directly linked to innocence. **Schulp v. Delo, 513 u.s. 298,321 (1995).** Innocence is not an independant claim; rather, it the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. **Id at 315.** This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." **Murray v. Carrier, 477 u.s. 478,496(1986);Schlupv. Delo,supra.**

(16)

> "To establish actual innocence, [a habeas petitioner] must demonstrate that...'it is more likely than not that no reasonable juror would have convicted him.' **Schlup v. Delo, 513 u.s. 298,327-328,115 S.Ct.851,867-868,130 L.Ed.2d 808( 1995)."Bousley v. United States, 523 u.s. 614,623(1998)."** It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. **See Sawyer v. Whitley,505 u.s. 333,339,112 S.Ct.2514,2518-2519,120 L.Ed2d 269(1992)."Id. at 623-624.**

Schlup observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare...To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- that was was not presented at trial.

513 u.s. at 324.

In the instant case Stewart avers to this Honorable court that **critical physical evidence** as set out in aforementioned authorities has been respectfully demonstrated throughout the presentation such appeals and now habeas review. The evidence ...I.e. the knife collected as evidence by state investigators from the crime scene... supported the petitioner's alibi of self-defense and or justified homocide wherein no reasonable juror would have convicted him. To-say, Stewart made a requisite showing that of actual innocence,also, suggests that such evidencee does ex -ists which would satify the standard set forth in Schlup.

(17)

## **CONCLUSIONS**

The petitoiner would aver to this reviewing court that in light most favorable to the State, after reviewing the evidence, at most would present a prima facia case of self defense on behalf of the defendant supported by the testimonies of state witnesses Tim Green, Lisa Jernigan, and defendant's defense attorney David Hood.

The defendant would further aver to this court that basis of his (Stewart) argument of self-defense revolves around the knife in which was withheld by the state and/ returned to the person, Lisa Jernigan prior to the treat of his jury trial which hampered him in his ability(ies) to properly present such evidence to the jury.

**Furthermore,** failure of the prosecution to disclose such crucial evidence violated the enstrinsic rights of petiioner Stewart and also deprived the herein defendant of the right to have a fair trial of the matter with the effective assistance of counsel.

**Wherefore,** the defendant ask that this case be remanded to the trial court for proper adjudication on the merit of his claims or alternately , a new trail, or any other relief this court deems just and proper.

(18)

## CERTIFICATE OF SERVICE

I, Danny Stewart, does verify, affirm, or state that the foregoing is true and correct and a copy of the same has been respectfully submitted upon the Attorney General for the State Of Alabama by placing in the United States Mail /postal to the address provided;

> **OFFICE OF THE ATTORNEY GENERAL**
> **CRIMINAL APPEALS DIVISION**
> **ALABAMA STATE HOUSE**
> **11 SOUTH UNION STREET**
> **MONTGOMERY, ALABAMA 36130-0152**

Appearing before me, a notary public, Danny Stewart whos over the age of nineteen, and does verify and state that the foregoing is true and correct to the best of his knowledge, under standing or belief.

Sworn to and subscribed before me this __3Rd__ ,Day Of __Dec__ ,20__05__

_____
NOTARY PUBLIC
Nov 8, 2008

_____ 143130
PETITIONER

(END)