IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANNY LEE STEWART, #143130, )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>)<br>LEON FORNISS, et al., )<br>)<br>    Respondents. ) | CIVIL ACTION NO. 1:05-CV-1152-T<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Danny Lee Stewart ["Stewart"], a state inmate, on December 7, 2005. In this petition, Stewart challenges a 1992 conviction for murder entered against him by the Circuit Court of Houston County, Alabama.

**DISCUSSION**

A review of this court's records reveals that Stewart filed a previous habeas petition pursuant to the provisions of 28 U.S.C. § 2254 challenging the murder conviction imposed upon him by the Circuit Court of Houston County in 1992. *See Stewart v. Johnson, et al.*, Civil Action No. 95-T-1013-S (M.D. Ala. 1996). In this prior habeas action, this court denied Stewart relief from his Houston County murder conviction and the Eleventh Circuit Court of Appeals affirmed this decision.

Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C).

It is clear from Smith's pleadings that he has not received an order from a three-judge appellate panel authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is Stewart's] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be dismissed. *Id*. at 934.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by filed by Danny Lee Stewart on December 7, 2005 be DENIED.

    2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Stewart has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive habeas application.[1]

It is further

ORDERED that on or before January 23, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit

---

[1] The court notes that any § 2254 petition filed by the petitioner is likewise subject to the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1). Moreover, the court finds that there are no circumstances present in this case which "would entitle [Stewart] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay . . . because the limitations period had already expired before he filed" the instant habeas action. *Guenther v. Holt*, 173 F.3d 1328, 1330-1331 (11th Cir. 1999).

handed down prior to the close of business on September 30, 1981.

    Done this 9th day of January, 2006.

                                                /s/ Vanzetta Penn McPherson
                                               UNITED STATES MAGISTRATE JUDGE